Andrew D. Skale (SBN 211096)
adskale@mintz.com
Ben L. Wagner (SBN 243594)
blwagner@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel: (858) 314-1500
Fax: (858) 314-1501

Attorneys for Plaintiff
CLOUDCLINIC LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLOUDCLINIC LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>THERAPETIC SOLUTIONS, INC., an unknown business entity; RICHARD STRAUSKI, an individual; DEIRDRE WHITE, an individual; and DOES 1-30.<br><br>Defendants. | Case No.   '17CV1293 JLS NLS<br><br>**COMPLAINT FOR:**<br><br>1. **CYBERSQUATTING (CERTAPETS.COM AND CERTAPET.ORG);**<br>2. **REGISTERED MARK TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>3. **UNFAIR COMPETITION AND COMMON LAW TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(A)); AND**<br>4. **UNFAIR COMPETITION-- CALIFORNIA BUSINESS & PROFESSIONS CODE §17200**<br><br>**JURY DEMAND** |

1      Plaintiff CloudClinic LLC ("CloudClinic" or "Plaintiff") brings suit for

2   cybersquatting, registered mark trademark infringement, unfair competition and

3   common law trademark infringement, and unfair competition under California

4   Business and Professions Code section 17200 et seq. against Defendants TheraPetic

5   Solutions, Inc., Richard Strauski ("Strauski"), Deirdre White, and DOES 1-30

6   (collectively, "Defendants") and alleges as follows:

7                                   **THE PARTIES**

8      1.      CloudClinic is a Delaware limited liability company with its principal

9   place of business at 591 Camino De La Reina, Suite 620, San Diego, California

10  92101.

11     2.      TheraPetic Solutions, Inc. is an unknown business entity d/b/a

12  "TheraPetic Solutions, Inc." and "TheraPetic Solutions," with its principal place of

13  business at 1030 15th Street NW, Suite #170, Washington, D.C. 20005.  TheraPetic

14  Solutions, Inc. is the registrant for the following accused internet domains:

15  certapets.com and certapet.org.

16     3.       Richard Strauski is an individual residing in Washington, D.C.  Strauski

17  registered and operates the websites certapets.com and certapet.org ("Accused

18  Domains" or "Accused Websites"), and is listed with ICANN as the contact person at

19  TheraPetic Solutions, Inc. for each domain name.  He registered the accused domains,

20  maintains their registrations, placed and maintains the content of the websites for the

21  Accused Domains, and set up the use of Plaintiffs' trademarks on targeted Google

22  Ads to confusingly direct consumers to the Accused Websites.  On information and

23  belief, Strauski is an owner and the CEO of Defendant TheraPetic Solutions., Inc.

24     4.      Deirdre White is an individual residing in at least Washington, D.C.

25  White is the President of Defendant TheraPetic Solutions, Inc. and directed Strauski

26  to register the Accused Domains and place the offending content on them violative of

27  Plaintiff's rights, as well as the use of Plaintiffs' trademarks on targeted Google Ads

28

-1-

1   to confusingly direct consumers to the accused competing websites.  On information

2   and belief, White is an owner of TheraPetic Solutions, Inc.

3        5.     Plaintiff is in the process of confirming the true names and capacities of

4   the defendants designated in this Complaint as DOES 1 through 30, inclusive, and

5   therefore sues these defendants by fictitious names at this time.  DOES are affiliates

6   or related entities to the named defendants and, on information and belief, are

7   residing in, or will be present in, the State of California and this judicial district or

8   have transacted business in the State of California by directing their willfully

9   infringing conduct toward a forum resident during the time period covered by this

10  Complaint, and are subject to the jurisdiction of this Court.  Plaintiff will amend its

11  Complaint to include the name or names of said persons or entities when that

12  information is confirmed.  Plaintiff is informed and believes, and on that basis

13  alleges, that each of the DOE defendants is in some manner or degree responsible and

14  liable for the acts and omissions alleged herein.

15       6.     Defendants are jointly and severally liable for the conduct of one another

16  as though taken themselves, and all judgments on all claims should be for joint and

17  several liability as to the Defendants.

18                    **JURISDICTION AND VENUE**

19       7.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a),

20  and 28 U.S.C. §§ 1338(a)-(b) and 1367(a), and all claims herein form part of the

21  same case or controversy for purposes of supplemental jurisdiction.

22       8.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. 1391 because a

23  substantial part of the events or omissions giving rise to the claim occurred in this

24  district, and a substantial part of property that is the subject of the action is situated

25  here (the goodwill of the trademark), and for the reasons alleged below, because

26  Defendants are each subject to personal jurisdiction in this district and the State of

27  California.

28

9.     Personal jurisdiction exists over the Defendants because they purposefully directed their intentional and harmful conduct alleged below at this forum, ignored demand letters advising them that the California trademark owner's rights were being violated by the conduct alleged herein, capitalized on the goodwill of a California company whose goodwill is treated as located in this forum for purposes of jurisdiction over intentional torts, and purposefully availed themselves of the benefits of California with respect to the claims alleged herein.

## GENERAL ALLEGATIONS

**A.     CloudClinic's valuable and well-known CERTAPET mark**

10.     CloudClinic operates the website CertaPet.com, providing easy and discreet online access to mental health services for people living with an emotional or psychological disability. The website and services offered on it have been active and used in commerce since approximately January 3, 2015.

11.     Through certapet.com, CloudClinic helps disabled Americans obtain an emotional support animal.  CertaPet.com acts as an online portal to connect patients with licensed mental health professionals who can evaluate their situation and, where appropriate, provide a recommendation for an emotional support animal (sometimes referred to as an "ESA").  The goal of CertaPet.com is to improve the quality of life for the millions of Americans who may have no other options for care.

12.     Through the above website and other mediums, CloudClinic's predecessor in interest adopted, and extensively and exclusively used the trademark CERTAPET for at least these services, and on or around July 26, 2016 assigned all rights, interest, title, associated goodwill, website content, and the right to sue thereon for the CERTAPET mark to CloudClinic, including U.S. Trademark App. Ser. No. 86-974,143 for CERTAPET, which matured into U.S. Trademark Reg. No. 5,103,770.

13.     This U.S. Reg. No. 5,103,770 for CERTAPET issued on December 20, 2016, for International Classes 35 and 44, covers:  "Marketing and administrative

1   services for licensed mental health professionals; providing a web site that features an

2   on-line market for users to purchase pet related goods; [and] on-line retail store

3   services featuring pet related goods."  A true and correct copy of U.S. Reg. No.

4   5,103,770 and the USPTO's online status printout is attached hereto as **EXHIBIT A**

5   and incorporated herein by reference.  The first-use date for the listed services is no

6   later than April 1, 2015, by CloudClinic's predecessor-in-interest and inuring to the

7   benefit of CloudClinic.  The CERTAPET mark is inherently distinctive and a strong

8   mark for the specified services.

9        14.    CloudClinic's website, Certapet.com, has enjoyed substantial success

10  and popularity and has proved to be a profitable business for CloudClinic, making

11  Plaintiff's CertaPet website the leading online portal to connect patients with licensed

12  mental health professionals for possible ESA letters.

13       15.    CloudClinic has used the CERTAPET mark continuously and

14  substantially in connection with its business of helping disabled Americans obtain the

15  documentation necessary to benefit from an emotional support animal.

16  **B.    Defendants' wrongful use of the CERTAPET mark to capitalize on
17          Plaintiff's goodwill**

18       16.    Since on or around April 2017, Defendants own and operate several

19  domains which are confusingly similar to CloudClinic's Certapet.com website:

20  certapets.com and certapet.org ("Accused Domains").  These domains have or

21  automatically redirect to websites that offer the same services as certapet.com and

22  even contain language from CloudClinic's Certapet.com website.

23       17.    Defendants have been actively commandeering substantial business from

24  CloudClinic by using CloudClinic's CERTAPET mark without CloudClinic's

25  permission.  Defendants have set up websites for each of these Accused Domains

26  with the same look and feel of CloudClinic's website, Certapet.com.

27       18.    Defendants' unlawful copying of CloudClinic's website was so blatant

28  that in certain instances, Defendants even used "CERTAPET" prominently on their

-4-

1  homepage as shown below (a screen shot of a portion of the homepage taken from
2  certapet.org, which certapets.com auto-redirects to):

3
4
5

6
7
8
9
10
11
12

13      19.     Indeed, Defendants display CloudClinic's CERTAPET mark (including
14  the well-known accompanying paw in close proximity) on pictures prominently
15  plastered on the certapet.org website as shown below (another screen shot of a
16  portion of the homepages taken from certapet.org):
17
18
19
20
21

22
23
24
25
26
27
28

20.     Defendants also bid on search terms for "CERTAPET" such that their websites show up as the ad that is at the top of search results when consumers enter CERTAPET in the Google search engine in order to find CloudClinic's CERTAPET-branded services.  The ad itself prominently displays the term "CertaPet" so as to further confuse consumers into believing that the ad is actually for Plaintiff's CERTAPET services.  Defendants did so to divert consumers from CloudClinic's legitimate website.  A printout of such a Google Search results pages, with the mouse hovering over the Defendants' add, is shown below:



21.     CloudClinic owns the CERTAPET mark throughout the entire United States for the services listed in Exhibit A, and it is a valid, distinctive, and protectable trademark, and has priority of use over the CERTAPET mark as to each of the

1  Defendants.

2      22.    Defendants' actions have already resulted in consumer confusion.

3  CloudClinic has received verified complaints from consumers alleging CloudClinic

4  did not deliver the requested letters, however, when CloudClinic checked the order

5  numbers, CloudClinic discovered that the order numbers do not belong to

6  CloudClinic and the order numbers belong to Defendants.

7      23.    Defendants refused to respect any of the demands made in

8  correspondence sent which attempted informal resolution of these issues, which was

9  sent to the contact information included with their domain registrations through

10  ICANN – contact information which their registration agreement requires them to

11  keep accurate and up-to-date.

12      24.    Defendants' actions are unauthorized, willful, and have already led to

13  consumer confusion.  Defendants' actions siphon CloudClinic's goodwill and brand

14  image, and have damaged CloudClinic's reputation and goodwill.

15                    **FIRST CAUSE OF ACTION**

16      **CYBERSQUATTING (CERTAPETS.COM AND CERTAPET.ORG)**
        **(15 U.S.C. § 1125(d))**
17              **(All Defendants)**

18      25.    Plaintiff incorporates by reference all other paragraphs contained in this

19  Complaint as if stated herein.

20      26.    Plaintiff's federal trademark registration (Exhibit A) gives it ownership

21  and the exclusive right to use of the CERTAPET mark for the listed services

22  throughout the entire United States, including online.  CloudClinic owns the

23  CERTAPET mark, which is a valid, distinctive, and protectable trademark.

24  CloudClinic has priority of use over the CERTAPET mark as to each of the

25  Defendants.

26      27.    Plaintiff also owns the exclusive trademark in the United States for

27  CERTAPET as a result of its extensive use of the mark in commerce to brand its

28  services of providing easy and discreet online access to mental health services for

1  people living with an emotional or psychological disability.

2      28.    Plaintiff's mark is inherently distinctive and by virtue of extensive use

3  and a deep pool of customers all across the United States has obtained market

4  penetration in the entire United States.  Plaintiff has established secondary meaning

5  throughout the entire geography and marketplace of the United States for use of the

6  CERTAPET trademark with its well-known services on certapet.com and is the

7  market leader for online services related to ESA letters.

8      29.    Defendants purchased the domain names, certapets.com and

9  certapet.org, and registered them in their own name(s).  Defendants were never

10  authorized to register any domain name containing Plaintiff's protected CERTAPET

11  mark or to use the CERTAPET mark for any of Defendants' own purposes.

12      30.    As of the date of this filing, certapets.com simply redirects to

13  Defendants' other competing website, certapet.org, so that consumers accessing

14  either site are in fact viewing the website associated with the Certapet.org domain.

15      31.    Defendants' certapets.com and certapet.org domain names contain

16  CloudClinic's exact CERTAPET mark, or virtually identical variations thereof.

17  Defendants' registration and use of these domains takes advantage of common

18  domains a consumer would type in their internet browser to find Plaintiff's

19  CERTAPET services (one being the plural on the most popular ".com" top-level

20  domain and the second being the exact mark at the ".org" top-level domain

21  commonly associated with medical-related services).  Defendants' registration and

22  use was done in bad faith and with the intent to profit from the goodwill of

23  CloudClinic's CERTAPET mark:

24          a.    The CERTAPET mark of Plaintiff has long been well-known and

25              associated exclusively with Plaintiff, and enjoys the nationwide

26              protection of a federal registration;

27          b.    The Accused Domains do not offer any legitimate goods or

28              services under the trademark CERTAPET, including because

-8-

Defendants have always been on actual and constructive notice that the CERTAPET mark was first adopted and used on exactly competing services of Plaintiff's on certapet.com;

c.     The Defendants have no bona fide noncommercial or fair use of the CERTAPET mark, and are using the mark to generate revenues for competing services;

d.     The Defendants intended and intend to divert consumers from Plaintiff's online location to their own Accused Websites' names for their own commercial gain, with said use resulting in harm to the goodwill represented by Plaintiff's CERTAPET mark, including customer complaints for problems with Defendants' services that consumers thought to be Plaintiff's services;

e.     These domains are a part of multiple domains registered and used by Defendants which are identical or virtually identical to Plaintiff's CERTAPET mark, a mark of Plaintiff's that was distinctive at the time of Defendants' registration of the domain names on or around April 12, 2017, and is a blatant disregard of the competing services offered under the CERTAPET mark by Plaintiff on certapet.com; and

f.     Within the ESA letter community and customers, the CERTAPET mark is a distinctive and famous mark by virtue of its ubiquitous market penetration.

32.     Defendants had no reasonable grounds to believe that the use of the certapets.com and certapet.org domain names was a fair use or otherwise lawful.

33.     Accordingly, CloudClinic is entitled to relief for cybersquatting under, *inter alia*, subsections (i), (ii)(I) and (ii)(II) of the cybersquatting provisions of 15 U.S.C. § 1125(d)(1)(A).

34.     Defendants' cybersquatting was done willfully and in bad faith, knowing it would result in the likely confusion and deception of others, in order to profit off of

1  CloudClinic's CERTAPET mark.

2      35.   CloudClinic has suffered actual damages in an amount to be established

3  after proof at trial, but not less than $1 million.

4      36.   CloudClinic is entitled to statutory damages in the amount of $100,000

5  per domain name, for a total of $200,000 for certapets.com and certapet.org, pursuant

6  to 15 U.S.C. § 1125(d).

7      37.   CloudClinic is entitled to disgorgement of Defendants' profits as either a

8  proxy of its own damages or unjust enrichment, in an amount of at least $1 million to

9  be further established upon proof at trial.

10      38.   CloudClinic is further entitled to the disgorgement of Defendants' profits

11  for their unjust enrichment from the wrongful conduct.

12      39.   CloudClinic is entitled to exemplary damages and attorney fees as a

13  result of Defendants' bad-faith conduct, done with malice, oppression, and fraud.

14      40.   CloudClinic's remedies at law are inadequate, entitling it to an

15  injunction enjoining Defendants' cybersquatting and directing the Defendants and the

16  registrar of the domain names to transfer the registration in the certapets.com and

17  certapet.org domain to CloudClinic, under 15 U.S.C. § 1125(d)(1)(C).

18  **SECOND CAUSE OF ACTION**

19  **TRADEMARK INFRINGEMENT (CERTAPET mark)**
**(15 U.S.C. §§ 1114)**
20  **(All Defendants)**

21      41.   Plaintiff incorporates by reference all other paragraphs contained in this

22  Complaint as if stated herein.

23      42.   Plaintiff's federal trademark registration (Exhibit A) gives it ownership

24  and the exclusive right to use of the CERTAPET mark for the listed services

25  throughout the entire United States, including online.  CloudClinic owns the

26  CERTAPET mark, which is a valid, distinctive, and protectable trademark.

27  CloudClinic has priority of use over the CERTAPET mark as to each of the

28  Defendants.

-10-

43.     Plaintiff also owns the exclusive trademark in the United States for CERTAPET as a result of its extensive use of the mark in commerce to brand its services of providing easy and discreet online access to mental health services for people living with an emotional or psychological disability.

44.     Plaintiff's mark is inherently distinctive and by virtue of extensive use and a deep pool of customers all across the United States has obtained market penetration in the entire United States.  Plaintiff has established secondary meaning throughout the entire geography and marketplace of the United States for use of the CERTAPET trademark with its well-known services on certapet.com and is the market leader for online services related to ESA letters.

45.     Each Defendant has willfully and intentionally committed trademark infringement by using in commerce one or more marks or product names that are confusingly similar to the CERTAPET mark to identify the services of the Defendants in a way that is likely to cause confusion, mistake, or deception as to whether Defendants have a connection with CloudClinic, or as to the origin, sponsorship, or approval of Defendants' services:

a.     The marks used by Defendants are identical or virtually identical to the CERTAPET mark, and even use a paw in close proximity heighten confusion, so as to be similar marks in sight, sound and appearance;

b.     The CERTAPET-variant marks used by Defendants are for directly competitive services of Plaintiff's services offered at certapet.com;

c.     Numerous consumers have been confused, as alleged above;

d.     Defendants knew of Plaintiff's CERTAPET mark and attendant rights at all times, and by design their actions intended to trade off of Plaintiff's well-known CERTAPET mark and reputation, by creating and exploiting consumer confusion;

e.     Defendants use (1) paid Google Ads to redirect consumers searching Google for "CertaPet" to their website, targeting the same and overlapping channels of trade, marketing and advertising as Plaintiff, as well as (2) internet sites that are common misspellings or mistakes on popular top-level domains that would be used by consumers searching for Plaintiff's CERTAPET services; and

f.     Consumers are not likely to exercise enough care in their obtaining of services to carefully distinguish between certapet.com and certapets.com or certapet.org when presented with a website both containing "CERTAPET" or a confusing variation of it <u>and</u> offering the same services as Plaintiff including claiming to be a "not-for-profit" organization).

46.     As a direct and proximate result of the infringement complained of herein, CloudClinic has been damaged to an extent to be fully determined at trial, but greater than $1 million.  The circumstances warrant trebling of damages and an award of attorney's fees, including for the willful and deliberate acts of infringement by Defendants, pursuant to 15 U.S.C. § 1117(a).

47.     Defendants' use of the CERTAPET mark constitutes a counterfeiting use and infringement, entitling Plaintiff to treble damages and attorneys' fees under 15 U.S.C. § 1117(b), including because Defendants' use of CERTAPET was (1) made knowing their use of such mark was a counterfeit mark, and (2) in connection with the sale, offering for sale, and distribution of their competing services.

48.     Defendants' use of a counterfeit CERTAPET mark was willful. Defendants' counterfeit use of the CERTAPET mark entitles Plaintiff to statutory damages under 15 U.S.C. § 1117(c) in an amount up to $2 million for each type of goods and services offered for sale by Defendants, pursuant to 15 U.S.C. § 1117(c), for at least $4 million (the services cover two intentional classes).

49.     CloudClinic is entitled to disgorgement of Defendants' profits as either a

1 proxy of its own damages or unjust enrichment, in an amount of at least $1 million to
2 be fully ascertained upon proof at trial.

3      50.    CertaPet has been irreparably harmed by such acts in the future unless
4 the Court enjoins each defendant from committing further acts of infringement.

**THIRD CAUSE OF ACTION**

**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**
**(All Defendants)**

9      51.    Plaintiff incorporates by reference all other paragraphs contained in this
10 Complaint as if stated herein.

11      52.    CloudClinic owns the CERTAPET mark, which is a valid, distinctive,
12 and protectable trademark.  CloudClinic has priority of use over the CERTAPET
13 mark as to each of the Defendants.

14      53.    Plaintiff also owns the exclusive trademark in the United States for
15 CERTAPET as a result of its extensive use of the mark in commerce to brand its
16 services of providing easy and discreet online access to mental health services for
17 people living with an emotional or psychological disability.

18      54.    Plaintiff's mark is inherently distinctive and by virtue of extensive use
19 and a deep pool of customers all across the United States has obtained market
20 penetration in the entire United States.  Plaintiff has established secondary meaning
21 throughout the entire geography and marketplace of the United States for use of the
22 CERTAPET trademark with its well-known services on certapet.com and is the
23 market leader for online services related to ESA letters.

24      55.    Each Defendant has willfully and intentionally committed trademark
25 infringement and unfair competition by using in commerce one or more marks or
26 product names that are confusingly similar to the CERTAPET mark to identify the
27 services of the Defendants in a way that is likely to cause confusion, mistake, or
28 deception as to whether Defendants have a connection with CloudClinic, or as to the

origin, sponsorship, or approval of Defendants' services:

      a.    The marks used by Defendants are identical or virtually identical to the CERTAPET mark, and even use a paw in close proximity heighten confusion, so as to be similar marks in sight, sound and appearance;

      b.    The CERTAPET-variant marks used by Defendants are for directly competitive services of Plaintiff's services offered at certapet.com;

      c.    Numerous consumers have been confused, as alleged above;

      d.    Defendants knew of Plaintiff's CERTAPET mark and attendant rights at all times, and by design their actions intended to trade off of Plaintiff's well-known CERTAPET mark and reputation, by creating and exploiting consumer confusion;

      e.    Defendants use (1) paid Google Ads to redirect consumers searching Google for "CertaPet" to their website, targeting the same and overlapping channels of trade, marketing and advertising as Plaintiff, as well as (2) internet sites that are common misspellings or mistakes on popular top-level domains that would be used by consumers searching for Plaintiff's CERTAPET services; and

      f.    Consumers are not likely to exercise enough care in their obtaining of services to carefully distinguish between certapet.com and certapets.com or certapet.org when presented with a website both containing "CERTAPET" or a confusing variation of it and offering the same services as Plaintiff including claiming to be a "not-for-profit" organization).

56.    As a direct and proximate result of the infringement complained of herein, CloudClinic has been damaged to an extent not yet fully determined, but greater than $1 million.  The circumstances warrant trebling of damages and an award

1  of attorney's fees, including for the willful and deliberate acts of infringement by

2  Defendants, pursuant to 15 U.S.C. § 1117(a).

3       57.    CloudClinic is entitled to disgorgement of Defendants' profits as either a

4  proxy of its own damages or unjust enrichment, in an amount of at least $1,000,000

5  to be further established upon proof at trial.

6       58.    CertaPet has been irreparably harmed, and will continue to be

7  irreparably harmed by such acts in the future unless the Court enjoins each defendant

8  from committing further acts of infringement.

9  

**FOURTH CAUSE OF ACTION**

10 

**UNFAIR COMPETITION**
**(CAL. B&P § 17200 *et seq.*)**

11 **(All Defendants)**

12      59.    Plaintiff incorporates by reference all other paragraphs contained in this

13 Complaint as if stated herein.

14      60.    Defendants, by engaging in the wrongful conduct alleged in the

15 Complaint have engaged in unlawful, unfair or fraudulent business act(s) or

16 practice(s) within the meaning of Business and Professions Code §§ 17200 et seq.

17      61.    Defendants' unlawful, unfair or fraudulent business act(s) or practice(s)

18 have resulted in an unfair competitive advantage to Defendants and have damaged

19 CloudClinic's business, by virtue of the acts alleged herein.

20      62.    Because of Defendants' unlawful, unfair or fraudulent business act(s) or

21 practice(s), Plaintiffs are entitled to full restitution and disgorgement of all revenues,

22 earnings, profits, compensation, and benefits that may have been obtained by

23 Defendants as a result of such unfair business acts or practices, to be established upon

24 proof atrial, but in an amount of at least $1 million.

25      63.    CloudClinic is entitled to their attorneys' fees and costs in pursuing this

26 action.

27      64.    CloudClinic's remedies at law are inadequate, entitling CloudClinic to

28 an injunction enjoining Defendants' further unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, CloudClinic demands the following relief:

1.      A judgment in favor of CloudClinic and against Defendants on all counts;

2.      Disgorgement of Defendants' profits in an amount of at least $1 million as unjust enrichment, trebled pursuant to either 15 U.S.C. § 1117(a) or (b);

3.      Disgorgement of Defendants' profits in an amount of at least $1 million as a proxy of Plaintiff's damages, trebled pursuant to either 15 U.S.C. § 1117(a) or (b);

4.      Actual and compensatory damages in an amount of at least $1 million, trebled pursuant to either 15 U.S.C. § 1117(a) or (b);

5.      Statutory damages for cybersquatting in the amount of up to $100,000 per domain name, or at least $200,000 total;

6.      Statutory damages for each counterfeit mark used in the amount of up to $2 million per type of good or service, or at least $4 million;

7.      Restitution;

8.      Exemplary and punitive damages;

9.      Pre-judgment interest at the legally allowable rate on all amounts owed;

10.      Attorney's fees under, among others, 15 U.S.C. §§ 1117(a) *et seq.* as an exceptional case or a case involving use of a counterfeit mark;

11.      Attorney's fees under Cal. B&P §§ 17200 *et seq.*;

12.      Costs of suit;

13.      Preliminarily and permanent injunctive relief against each Defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from cybersquatting or infringing, in any manner, CloudClinic's trademarks, including the CERTAPET mark; and

14.      Such other and further relief as this Court may deem just and proper to fully compensate or protect CloudClinic.

Dated:  June 23, 2017            MINTZ LEVIN COHN FERRIS GLOVSKY
                                 AND POPEO PC


                            By   *s/Ben L. Wagner*
                                 Andrew Skale, Esq.
                                 Ben L. Wagner, Esq.

                                 Attorneys for Plaintiff
                                 CLOUDCLINIC LLC

1                                 **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a jury trial as to all issues that are so triable.

3

4 Dated:  June 23, 2017        MINTZ LEVIN COHN FERRIS GLOVSKY
5                           AND POPEO PC

6                       By  *s/Ben L. Wagner*
7                           Andrew Skale, Esq.
8                           Ben L. Wagner, Esq.

9                           Attorneys for Plaintiff
10                        CLOUDCLINIC LLC

-18-

69208167v.3