UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLOUDCLINIC LLC,<br><br>         Plaintiff,<br><br>v.<br><br>THERAPETIC SOLUTIONS, INC., et al.,<br><br>         Defendants. | Case No.: 17-CV-1293-JLS (NLS)<br><br>**ORDER GRANTING MOTION TO COMPLETE SERVICE ON DEFENDANT STRAUSKI THROUGH SERVICE BY EMAIL**<br><br>(ECF No. 9) |

Presently before the Court is Plaintiff CloudClinic LLC's Motion for Permission to Complete Any Remaining Service by Email on Defendant Richard Strauski, ("MTN," ECF No. 9). No opposition to the Motion has been filed.

## BACKGROUND

Plaintiff brought suit for cybersquatting, registered mark trademark infringement, unfair competition, common law trademark infringement, and unfair competition against Defendants TheraPetic Solutions, Inc., Richard Strauski, and Deirdre White. (ECF No. 1, at 2.) Plaintiff brings the current Motion regarding service on Defendant Richard Strauski ("Strauski"), who has a known email address and no known physical address. (MTN 2.) Plaintiff states Defendant TheraPetic informed Plaintiff that Strauski now resides in New York, but Plaintiff is unable to locate Strauski's New York address. (MTN 3–4.) Plaintiff states it has been provided with an address in Canada for Strauski's parents and with an

address in Washington D.C. for Defendant TheraPetic. (MTN 3; "Wagner Decl.," ECF No. 9-2, at ¶ 5.) Plaintiff states it has served the Complaint by mail at both of these addresses. (*Id.*) Plaintiff also attempted personal service on Strauski at the Washington D.C. address but was not successful. (*See* ECF No. 9-4.) Plaintiff alleges Strauski operates websites on behalf of Defendant Therapetic and registered himself with the Internet Corporation for Assigned Names and Numbers ("ICANN") as the contact person at TheraPetic for the company's domain names. (*Id.* at 3.) Strauski's email address, rstrauski@gmail.com, is listed on all of the domain name registrations. (*Id.* at 4; *see also* ECF No. 9-5.)

Plaintiff claims service by email is reasonably calculated to give notice of the lawsuit to Strauski because Ken Gaughan, TheraPetic's principal, informed Plaintiff he has been in contact with Strauski by email in response to being served with the Complaint. (*Id*. at 5; Wagner Decl. at ¶ 6.) Further, Plaintiff's counsel attests that when he emailed Defendant Strauski, he received no return or rejection notices. (Wagner Decl. ¶ 6.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 4(e), "an individual may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e).[1] Under California law, a court "may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civil Code § 413.30. To comport with due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

---

[1] Although Plaintiff discusses the unsettled nature of Canadian law on the issue of service by mail in its Motion (MTN 2), Plaintiff's Motion and the attached Declaration of Ben Wagner indicate Strauski is currently living in New York, not in Canada. Rule 4(e), which governs service of an individual living domestically, therefore applies in this matter.

objections." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## ANALYSIS

Plaintiff argues the Court should grant its Motion for Electronic Service because Plaintiff has acted diligently to notify Strauski of this case and because service through email is reasonably calculated to provide notice to Strauski. (MTN 2.)

Courts have authorized service of process by email on domestic litigants. In *Facebook, Inc. v. Banana Ads, LLC*, the court authorized service by email on domestic defendants. No. C-11-3619 YGR, 2102 WL 1038752, *3 (N.D. Cal. Mar. 27, 2012). The defendants were engaged in online-based businesses and "rel[ied] on email as a means of communication." *Id.* The plaintiff unsuccessfully attempted to "locate and contact [the defendants] by postal mail and telephone." *Id.* Under these circumstances, email service was "the best method for providing actual notice to [the defendants]." *Id.*

In *Balsam v. Angeles Technology Inc.*, the court similarly authorized service by email. No. C 06-04114 JF (HRL), 2007 WL 2070297, *4 (N.D. Cal. July 17, 2007). There, the plaintiff "attempted to serve [the defendants] through traditional methods." *Id.* at *3. When this was unsuccessful, plaintiff sought to serve the defendants through email addresses that the defendants "provided to the domain name registrar and to . . . individuals who sign[ed] up for the [defendants'] website's services." *Id.* The court held the defendants "should . . . expect to be contacted at the addresses they provided to the domain name registrar" and therefore email service was reasonably calculated to give actual notice. *Id.*

The Court finds service by email is reasonably calculated to give Strauski notice of the pending case. Strauski provided his email address on all of his domain name registrations and should expect to be contacted through this email address. The Court **GRANTS** Plaintiff's Motion and permits Plaintiff to use the email address rstrauski@gmail.com to serve process on Strauski.

Plaintiff also requests the Court extend the service deadline. (MTN 2.) Pursuant to Rule 4(m), a defendant must be served within 90 days after the complaint is filed, but if the plaintiff shows good cause for its failure to serve, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Good cause appearing, the Court **GRANTS** Plaintiff's Motion. Plaintiff shall serve Strauski <u>within 5 days of the date of this Order.</u>

## CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Permission to Complete Any Remaining Service by Email on Defendant Richard Strauski. Plaintiff may use the email address rstrauski@gmail.com to serve process on Strauski. Accordingly, the hearing set for this Motion on November 2, 2017 at 1:30 p.m. is **VACATED.**

**IT IS SO ORDERED.**

Dated: October 25, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge